THE PEOPLE *v*. LUIGGI ET AL.

APPEAL from the District Court of Aguadilla.

Proceedings for the collection of costs in criminal cases.

No. 885.—Decided December 6, 1912.

CRIMINAL LAW—APPEAL—SURETIES IN CRIMINAL CASES—LIABILITY FOR COSTS IN CRIMINAL CASES—ERRONEOUS TRANSLATION INTO SPANISH OF SECTION 49 OF THE CODE OF CRIMINAL PROCEDURE.—In accordance with the English text of section 49 of the Code of Criminal Procedure, if the judgment against the defendant is affirmed on appeal or the appeal is dismissed, at the expiration of the five days following the district court shall render judgment against the sureties for the amount of the fine and costs if not already paid. In the Spanish text of the same section the word ''costs'' has been omitted erroneously.

ID.—APPEAL—LIABILITY OF SURETIES—OBJECT OF SURETY—COSTS.—In accordance with section 48 of the Code of Criminal Procedure as amended by an Act of March 12, 1908, in case of an appeal from a judgment rendered by a justice of the peace in a criminal case the surety is ·for the purpose of securing the payment of the costs which may be imposed on the defendant by said district court, including those previously incurred in the inferior court, and to guarantee the appearance of the defendant in the district court on such date ·or dates as his presence may be required.

ID.—COSTS IN CRIMINAL CASES—NONPAYMENT OF COSTS BY DEFENDANTS—LIABILITY OF SURETIES—CONSTRUCTION OF LAW.—Although according to section 271 of the Code of Criminal Procedure and the Act of March 9, 1911, the costs should be taxed against the defendants, said provisions of law do not prohibit the taxation of costs against their sureties who are liable for the payment of the same should the defendants fail to pay them.

ID.—COSTS IN CRIMINAL CASES—COLLECTION OF COSTS FROM SURETIES—EXECUTION OF JUDGMENT.—Proceedings against sureties to collect costs in criminal cases is not a civil action but should be considered as an incident to the execution of the judgment in a criminal case, and the *fiscal* should endeavor to collect the costs by filing a separate motion for each surety instead of instituting one single proceeding including all the sureties in several criminal cases.

The facts are stated in the opinion.
*Mr. Carlos Franco Soto* for appellants.
*Mr. Charles E. Foote, fiscal,* for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered· the opinion of the court.

On April 20 of the present year the *fiscal* of the District

Court of Aguadilla filed a motion in said court to recover costs under the title of *The People of Porto Rico* v. *José Inés González et al.,* and prayed for an order to the effect that the costs which José Inés González and several other defendants in different cases taken to said court on appeal had been adjudged to pay, should be satisfied by their respective sureties and deposited in the Treasury of Porto Rico.

The motion states the number of each case, the names of the defendants, the amounts due, and the names of the responsible sureties, among whom are Eduardo Luiggi, Ulpiano Paoli, Juan González, Vicente Júdice, Armando Méndez and Pedro Díaz.

By an order of April 25 the District Court of Aguadilla directed that all the sureties mentioned in the motion should be required to pay the costs for which they were liable respectively and set the 8th of May following for their appearance to show cause why they should not be adjudged to pay the said costs. After said hearing, whereat the sureties through their counsel made such allegations as they saw fit in defense of their rights, the court, in an order dated the 21st of said month of May, affirmed its opinion that the sureties were bound under the law to pay said costs, and consequently directed that the necessary writs be issued for the collection of the same. From this order Eduardo Luiggi and the other sureties mentioned appealed to this court.

Counsel for the appellants bases the appeal on the following grounds:

1. Violation of section 49 of the Code of Criminal Procedure which provides that the judge shall render judgment against the sureties for the amount of the fine if not paid, but does not mention costs, for the collection of which, therefore, the corresponding ordinary action should be instituted.

2. Violation of section 371 of the same code which provides that the bail furnished by the sureties is for the purpose

of insuring the appearance of the defendant before the court and not to guarantee the payment of the costs.

3. Failure to apply section 271 of the same code, according to which the costs shall be paid by the defendants, a provision which harmonizes with those of the act of March 9, 1911, which provide that the costs in criminal cases shall be taxed against the defendants.

Instead of having been infringed section 49 of the Code of Criminal Procedure has been duly applied in the order appealed from, but it is evident that the incorrect Spanish translation of the English text is the underlying cause of the error fallen into by the appellants. The English text of that section reads:

"Section 49.—If on appeal the judgment is rendered against the defendant, or if the appeal is dismissed, the District Court shall at the expiration of five days render judgment against the sureties for the amount of fine and costs if not paid."

Therefore the District Court of Aguadilla acted in accordance with law when it ordered that the sureties should pay the costs which the defendants had failed to pay.

Section 371 of the Code of Criminal Procedure, as a simple reading thereof will reveal, is not applicable to this case. The section applicable is 48 as amended by the act of March 12, 1908, according to which in an appeal taken from a judgment in a criminal action to a district court the object of the surety is to guarantee the payment of the costs that may be imposed upon said defendant by the district court, including the costs incurred before the lower court, and to guarantee the appearance of the defendant before the district court at such time or times as his presence may be required.

Neither does section 271 of the Code of Criminal Procedure nor the act of March 9, 1911, invoked in the third ground of the appeal, favor the appellants, for although it is true that under the provisions of the section and the act above mentioned the costs should be imposed upon the defendants, said

provisions do not prevent the collection of the same from the sureties responsible therefor should the defendants fail to pay them.

Before concluding we must state that this case cannot be considered as a civil suit, but as an incident in the execution of a judgment in a criminal action; and we will add that in each of the criminal actions enumerated in the motion the *fiscal* of the District Court of Aguadilla should have endeavored to collect separately the costs imposed instead of instituting one single independent proceeding for that purpose. Such practice does not conform to the accepted rules of procedure and its discontinuance is recommended.

The order appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.